**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:24CV-P119-CRS**

**KEVIN M. OKUM** *et al.*                                                                                               **PLAINTIFFS**

**v.**

**COUNTY OF CHRISTIAN, KY** *et al.*                                                                      **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Kevin M. Okum, an inmate at the Christian County Jail, filed the instant *pro se* 42 U.S.C. § 1983 action. Also listed as a Plaintiff in the complaint is Jacquelyn B. Ross, identified as Okum's spouse, who is not incarcerated. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I. SUMMARY OF COMPLAINT**

Plaintiffs sue Christian County, Kentucky; Gregory Corteze, identified as a prosecutor; the Christian County Sheriff's Department; and Joshua Stallons, a Christian County Deputy Sheriff. They sue Defendants Corteze and Stallons in their individual and official capacities.

Plaintiffs reports that on October 30, 2023, Okum "plead out to 4 yrs suspended probation in Christian County Circuit Court – Judge Self for multiple concurrently run case #'s. K. Okum was released on 10/30/23 from custody and remained compliant with Probation up to 2/12/24." He further states as follows:

> Probation visited the home owned by J. Ross – Plaintiff #2, shared with Plaintiff #1 K. Okum on 2/12/24 for an outstanding misdemeanor complaint warrant for K. Okum. Upon arrival, K. Okum was detained in handcuffs immediately. Subsequently Probation-Parole and Joshua Stallons – Christian Co Sheriff deputy – illegally searched J. Ross's gun safe without a warrant, or consent from J. Ross. Therefore violating J. Ross's 4th amendment rights to privacy and protection from warrantless intrusions.

According to the complaint, Okum was charged with possession of a handgun by a convicted felon "for Ms. J. Ross's handgun found in the safe which belonged to J. Ross legally." Okum alleges violation of his Fourth Amendment rights. Plaintiffs state, "It is clearly unreasonable for K. Okum to remain incarcerated pending disposition of case 24-CR-317 nor remain in jail on petition to revoke probation totalling $130,000 cash bond. This bond amount is unattainable and not commensurate of the crimes charged." Plaintiffs assert, "Christian County Prosecutor Greg Corteze does absolutely nothing to expedite litigation and instead offered K. Okum 11 yrs guilty plea on 6/18/24 which was DENIED by K. Okum and counsel."

Plaintiffs attach to the complaint several handwritten pages listing thirteen criminal case numbers and stating, "USC 1983 claim: Notice of Appeal and Request for Intervention." They also state that they are requesting "immediate intervention into the prosecution and pretrial detainment of Kevin M. Okum in the aforementioned criminal litigations."

As relief, Plaintiffs seek compensatory and punitive damages and Okum's "release from illegal pretrial detention."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. *Official and individual-capacity claims against Corteze*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). As a prosecutor on behalf of the Commonwealth, Corteze is a state employee or official. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiffs' official-capacity claim for monetary

damages against Corteze must be dismissed for seeking monetary damages from a defendant immune from such relief and for failure to state a claim upon which relief may be granted.

With regard to Plaintiffs' claim against Corteze in his individual capacity, prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Plaintiffs' claim against Corteze is barred by prosecutorial immunity, and the individual-capacity claim against him must be dismissed for failure to state a claim upon which relief may be granted.

### B. Official-capacity claim against Stallons, Christian County, and Christian County Sheriff's Department

Plaintiffs' official-capacity claim against Stallons is actually brought against his employer, Christian County. *Kentucky v. Graham*, 473 U.S. at 165. Moreover, the Christian County Sheriff's Department is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Christian County is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Further, Christian County is a "person" for purposes of § 1983. *See Monell*

4

436 U.S. at 690. Therefore, the official-capacity claim against Stallons and the claim against the Christian County Sheriff's Department are actually brought against Christian County.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiffs do not allege that any of the actions in the complaint occurred pursuant to a policy or custom of Christian County. Therefore, Plaintiffs' official-capacity claim against Stallons and his claims against Christian County and the Christian County Sheriff's Department must be dismissed for failure to state a claim upon which relief may be granted.

### C. Claims for release, speedy trial, and excessive bail

Plaintiffs request Okum's release from pretrial detention and complain that Corteze has done nothing to "expedite" his case. However, release is not an available remedy under § 1983, and Okum cannot assert a claim based on his speedy trial rights under § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S.

475, 500 (1973); *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-90 (1973) (a pretrial detainee who has exhausted all available state remedies as a prelude to seeking federal habeas relief may file a pretrial petition under § 2241 to the extent he seeks "to demand enforcement of the [Commonwealth's] affirmative constitutional obligation to bring him promptly to trial"). Similarly, Plaintiff cannot challenge his bail in this § 1983 action. The proper mechanism for doing so is also a petition for writ of habeas corpus. *Lucas v. Lewis*, No. 1:22-cv-741, 2023 U.S. Dist. LEXIS 29892, at *5 (S.D. Ohio Feb. 22, 2023) (dismissing an excessive bail claim noting that the plaintiff "may press that claim in habeas but not through § 1983"). Therefore, Plaintiffs' claim for Okum's release, a speedier trial, and challenge to Okum's bail will dismissed for failure to state a claim upon which relief may be granted.

Should Okum wish to file a petition for writ of habeas corpus to assert these claims, the Court will direct the Clerk of Court to send forms for filing a habeas petition.

### D. Individual-capacity claim against Stallons

Plaintiffs challenge Okum's arrest and prosecution in an ongoing criminal action in Christian County. There is "a strong judicial policy against federal interference with state criminal proceedings." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975). Therefore, when a federal action deals with issues involved in a state court proceeding, the federal court must abstain until the conclusion of the state proceeding, absent extraordinary circumstances. *James v. Hampton*, 513 F. App'x 471, 473-74 (6th Cir. 2013) (citations omitted). Under the doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), "abstention is not a question of jurisdiction, but is rather based on 'strong policies counseling against the exercise of such jurisdiction.'" *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008) (quoting *Ohio Civil Rights Comm'n v. Dayton*

*Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)). The *Younger* abstention doctrine may be raised *sua sponte* by a federal court. *Id.* at 642.

Under *Younger,* a federal court shall abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman,* 420 U.S. at 611; (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (citing *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiffs' claims relate to Okum's ongoing state-court criminal case. Second, Okum's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Okum to raise his constitutional challenges to his arrest and prosecution. Moreover, if he is found guilty of the charges against him, he still has a number of state-court remedies available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court.

In addition, none of the exceptions to application of the *Younger* abstention bar are present here. With regard to the exception for proceedings motivated by harassment or bad faith, the Sixth Circuit has explained:

> [T]he Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions."

*Lloyd v. Doherty*, No. 18-3552, 2018 U.S. App. LEXIS 33324, at *9 (6th Cir. Nov. 27, 2018) (quoting *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324-25 n.2 (6th Cir. 2001)). "Likewise, 'no Sixth Circuit case . . . has ever authorized federal intervention under the bad faith or harassment exception.'" *Doe v. Lee*, No. 3:21-cv-00809, 2022 U.S. Dist. LEXIS 71576, at *20 (M.D. Tenn. Apr. 19, 2022) (quoting *Watkins v. Ohio Dep't of Educ.*, No. 2:21-CV-04482, 2022 U.S. Dist. LEXIS 39298, at *19 (S.D. Ohio Mar. 7, 2022)). Here, Plaintiffs do not allege that Stallons has initiated repeated prosecutions to harass Okum or that he has no intention of following through on the prosecution. Therefore, the bad-faith exception does not apply here.

As to the second exception, Plaintiffs does not challenge the constitutionality of any of the statutes Okum has been charged with violating. The third exception "is reserved for situations where 'the federal court concludes that the state proceedings are inadequate because there is no available state forum for the plaintiff's constitutional claims . . . or the state judicial or administrative officers have a conflict of interest or are biased.'" *Goodwin v. Cnty. of Summit, Ohio*, 45 F. Supp. 3d 692, 704 (N.D. Ohio 2014) (quoting *Cmty. Treatment Ctrs., Inc. v. City of Westland*, 970 F. Supp. 1197, 1225 (E.D. Mich. 1997) (citing *Gerstein v. Pugh*, 420 U.S. 103, 107-08 (1975); *Gibson v. Berryhill*, 411 U.S. 564, 576-78 (1973)). The Court has already found that the Kentucky state courts provide Okum with various opportunities to address his constitutional

claims. Moreover, nothing in the complaint suggests that the judge in his state-court criminal proceeding is biased against him or has a conflict of interest.

Therefore, the Court will stay the Fourth Amendment claims against Stallons in light of *Younger*. *See Lloyd*, 2018 U.S. App. LEXIS 33324, at *10 ("Instead of dismissing this claim in its entirety, however, the district court arguably should have stayed the case pending resolution of the state court proceedings because Lloyd sought monetary damages in addition to equitable relief.") (citing *Doe v. Univ. of Ky.*, 860 F.3d 365, 372 (6th Cir. 2017) ("[W]e have consistently held that if a court abstains under *Younger*, it should stay any claim for damages rather than evaluate the merits and dismiss the case.")).

## IV. CONCLUSION

**IT IS ORDERED** that Plaintiffs' individual and official-capacity claims against Corteze, official-capacity claim against Stallons, claims against Christian County and the Christian County Sheriff's Department, claims seeking release and a speedier trial, and claim based on excessive bail are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) as frivolous, for failure to state a claim upon which relief may be granted, and for seeking damages from a defendant who is immune from such relief.

The **Clerk of Court is DIRECTED to terminate** Corteze, Christian County, and the Christian County Sheriff's Department as Defendants in the action because no claims remain against them.

The **Clerk of Court is DIRECTED to send Okum forms** for filing a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254.

**The remaining Fourth Amendment individual-capacity claim against Stallons is STAYED until the conclusion of Okum's state-court criminal proceedings.**

9

**Plaintiffs shall provide the Court with a status report within 30 days of the conclusion of Okum's state-court criminal proceedings**. The report should indicate whether Okum has been convicted of the charges against him.

**Plaintiffs are WARNED that failure to provide the Court with a status report within 30 days of the conclusion of Okum's criminal proceedings will result in the dismissal of the action for failure to prosecute**.

The Court will conduct an initial review of this action pursuant to 28 U.S.C. § 1915A once the stay is lifted.

Date:


cc:     Plaintiffs, *pro se*
        Defendants
        Christian County Attorney
4411.010